■ In the Matter of HARVEY R. KITAY, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 49] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 16, 1995, which ruled that the unemployment insurance experience rating of the law partnership of Kolleeny, Kitay & Hort was transferred to Harvey R. Kitay.

In 1970, Harvey R. Kitay and two other attorneys formed the law partnership of Kolleeny, Kitay & Hort. Hort died in 1971 and Kolleeny retired in 1990. Kitay continued to practice law under the partnership name. After a hearing, the Unemployment Insurance Appeal Board ruled that, pursuant to Labor Law § 581 (4), there was a business transfer between the partnership and Kitay and that the unemployment insurance experience rating of the partnership was transferred to Kitay. Kitay appeals from the Board's decision, arguing that because there was no transfer of goodwill from the partnership to himself, there was no business transfer within the meaning of Labor Law § 581 (4). We find this argument to be without merit.

Evidence was adduced at the hearing that after the partnership dissolved, Kitay rented new office space and hired his own secretary. However, approximately 20% of his clients were those he had serviced while affiliated with the partnership. Moreover, the amended certificate of doing business indicated that Kitay was to continue the practice under the name of the partnership as the sole owner of the business. The Board found that the negative condition of Labor Law § 581 (4) (c) (3), which provides that no business transfer is deemed to have occurred if "the transferee has not continued or resumed the business of the transferring employer", had not been met. Given the evidence establishing that Kitay continued a portion of the business of the partnership after its dissolution, we find that substantial evidence supports the Board's finding that a business transfer occurred within the meaning of Labor Law § 581 (4). The partnership's unemployment insurance experience rating was therefore properly transferred to Kitay.

Mercure, J. P., Crew III, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.